# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

RICHARD MULHOLLAND, d/b/a RICHARD
MULHOLLAND & ASSOCIATES,

    Plaintiff,

-vs-                                      Case No. 8:08-cv-1784-T-24-MAP

JASON C. MULHOLLAND and MULHOLLAND
LAW, P.A.,

    Defendants.
_____/

## ORDER

This cause comes before the Court on Defendant's motion for summary judgment (Doc. 14). Plaintiff has filed a response in opposition. (Doc. 16.)

## BACKGROUND

In 1960, Plaintiff, Richard Mulholland, began a business called "Richard Mulholland & Associates." In 1999, Plaintiff registered the domain name "MulhollandLaw.com." Plaintiff's business performs personal injury legal services in central Florida. In 2003, Defendant, Jason C. Mulholland ("JCM"), organized the Defendant corporation, "Mulholland Law, P.A.," filing the Articles of Incorporation with the Department of State. Defendant JCM thereafter began doing personal injury legal work as "Mulholland Law." Plaintiff claims that Defendants' practice under the name "Mulholland Law" violates Plaintiff's rights to the name and has damaged the reputation of Plaintiff's business. Plaintiff alleges that the similar names of the parties' businesses are likely to confuse and deceive members of the public.

While Plaintiff's complaint does not state any law under which he asserts his demand for relief, Plaintiff's answers to interrogatories state that he brings his claims under 15 U.S.C. §

1125(a) and Florida Statutes § 495.121. (Doc. 1, p. 3.)  As Florida Statutes § 495.121 deals with fraudulent registration and there is no mention of fraudulent registration in Plaintiff's complaint or court filings, the Court assumes that Plaintiff meant to cite Florida Statute § 495.151, which deals with trademark dilution.  Thus, the Court analyzes Plaintiff's claims accordingly.  Plaintiff seeks to enjoin Defendant from doing business as "Mulholland Law" and seeks costs and attorney's fees.

Defendants deny many of Plaintiff's factual allegations and raise the affirmative defenses of: 1) Statute of Limitations; 2) Laches; 3) Estoppel; 4) Acquiesence; 5) Abandonment; 6) Fair Use; 7) Failure to Mitigate Damages; and 8) Unclean Hands.  (Doc. 3, pp. 9–10.)  Defendants further counterclaim for a declaration of the rights that Plaintiff has to the names "Richard Mulholland & Associates," and "Mulholland Law."  (*Id.* at 11.)  Defendants now move for summary judgment on the grounds that 1) Plaintiff is barred from the recovery he seeks by laches; and 2) Plaintiff's claim lacks merit.

## DISCUSSION

### Laches

"The equitable defense of estoppel by laches may be applied to bar claims for . . . trademark infringement brought under the Lanham Act."  *Kason Indus. v. Component Hardware Group*, 120 F.3d 1199, 1203 (11th Cir. 1997).  A plaintiff who "unreasonably and inexcusably delay[s] in prosecuting [his] rights . . . where that delay has resulted in material prejudice to the defendant" is barred from recovering "damages for infringement which occurred prior to filing the suit."  *Peter Leteresse & Assocs. World Inst. of Scientology Enters.*, 533 F.3d 1287, 1321 (quotation omitted).  Laches may also bar injunctive relief in trademark cases, although concerns

2

for the protection of the public may allow a court to grant injunctive relief even where damages have been barred by laches. *Kason*, 120 F.3d at 1207.

The time period for a presumption of laches to attach under the Lanham Act is the time period of the analogous state law's statute of limitations. *Kason*, 120 F.3d at 1203. The state law analogue to the Lanham Act claim is trademark dilution, found in Florida Statutes § 495.151, the statute of limitations for which is four years. *See* Fla. Stat. § 95.11(3).

Plaintiff has been practicing law under the names "Richard Mulholland & Associates," and "Richard Mulholland" for approximately 40 years. Defendants' began their practice of "Mulholland Law, P.A." in 2003. On March 26, 2004, Plaintiff's attorney called Defendants and informed them that Plaintiff believed Defendants to be infringing on Plaintiff's trademark and asked Defendants to stop practicing under the name "Mulholland Law." Defendants responded with two follow-up letters asking for more information, to which Defendants never received any response. On October 1, 2007, three and one half years after their phone call to Defendants, Plaintiff brought the present suit. Defendants claim that this delay was inexcusable and should serve to bar Plaintiff's claims.

However, because Defendants have not demonstrated a delay of four years, and because they have not disproved the existence of a triable issue of fact as to whether Plaintiff's delay was excusable or harmless,[1] the Court does not find that, as a matter of law, Plaintiff's claim is barred by laches.

---

[1] *See Conopco, Inc. v. Campbell Soup Co.*, 95 F.3d 187, 191–94 (2d Cir. 1996) (holding that when the statute of limitations period has not run, a defendant may claim laches but has the burden of proof to demonstrate it).

**The Merits**

Florida Statutes § 495.151 prohibits trademark dilution and allows the owner of a distinctive and famous mark to obtain an injunction against another person's commercial use of a mark or tradename. The Lanham Act prohibits anyone from using "in commerce any word, term, [or] name," associated with "any goods or services," that "is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person." 15 U.S.C. § 1125(a)(1). Any person in violation of this law shall be liable in a civil action to any person damaged or likely to be damaged by the violation. *Id.* Use of an unregistered trademark can serve as the basis for a Lanham Act violation. *Florida v. Real Juices, Inc.*, 330 F. Supp 428 (M.D. Fla. 1971). The Eleventh Circuit has said that the Lanham Act and Florida trademark law are similar enough that they can be analyzed jointly. *Conagra, Inc. v. Singleton*, 743 F.2d 1508, 1512 n. 3 (11th Cir. 1984).

Where a trademark is not distinctive, as with a family surname, a plaintiff must show that it has acquired a secondary meaning in order for the mark to be protected. *Conagra*, 743 F.2d at 1513. Secondary meaning is determined by looking at four factors: 1) the length and manner of a mark's use; 2) the nature and extent of advertising and promotion of the mark; 3) efforts made to promote a connection between the mark and the service in the minds of the public; and 4) the extent to which the public identifies the mark with the service. *Id.*

If a trademark is protected from encroachment, the Court uses seven factors to guide its analysis as to whether another trademark is confusingly similar to that of the protected mark: 1) the strength of a plaintiff's mark; 2) the similarities between the marks; 3) the similarities between the services offered by the mark holders; 4) the similarity of sales methods; 5) the similarity in advertising; 6) a defendant's intent; and 7) actual confusion by consumers. *Wesco*

*Mfg., Inc. v. Tropical Attraction of Palm Beach, Inc.*, 833 F.2d 1484, 1488 (11th Cir. 1987). One of the most important of these factors is actual confusion by consumers. *Frehling Enters. v. Int'l Select Group, Inc.*, 192 F.3d 1330, 1335.

The following facts are undisputed by the parties: Plaintiff has not practiced under the name Mulholland Law, and Defendants have never practiced under the names "Richard Mulholland and Associates" or "Richard Mulholland." However, both parties practice personal injury law in the Tampa Bay area: Plaintiff for around 40 years, and Defendants for approximately 6. Plaintiff has spent millions in advertising his law practice, a practice of which Defendants were aware. Further, mail and phone calls for Plaintiff often come to Defendants' place of business, and Defendants are often mistakenly believed to be associated with Plaintiff.

The length of time that Plaintiff has been practicing law with his tradename, the awareness of his tradename in the community, the extensive advertising of the tradename, and the public confusion of the parties' tradenames, as admitted by Defendant JCM, demonstrate a genuine issue of material fact as to whether 1) Plaintiff's tradename has acquired the secondary meaning necessary to be eligible for protection under Florida law, and 2) Defendants have a confusingly similar[2] tradename to that of Plaintiff. Thus, Plaintiff has demonstrated sufficient evidence for his claims to survive summary judgment.

## **CONCLUSION**

Accordingly, it is ORDERED AND ADJUDGED that Defendants' motion for summary judgment is DENIED.

---

[2]Defendants argue that there is not triable issue of fact because the parties' tradenames are not identical. Identical marks, however, are not required in order to succeed on a Lanham Act or trademark dilution claims.

5

DONE AND ORDERED this 24th day of April, 2009.

SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record